IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LONNIE T. WELLS,                )
                                )
              Plaintiff,        )
                                )
vs.                             )   Case No. 18-cv-00082-MJR
                                )
RALPH FOWLER,                   )
                                )
              Defendant.        )

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Lonnie T. Wells filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Taylorville Correctional Center ("Taylorville"). He has since been released. (Doc. 7). Plaintiff brings the action against Ralph Fowler, the Assistant State's Attorney who successfully prosecuted Plaintiff for conspiracy. (Doc. 1, pp. 1-6). Plaintiff alleges that Attorney Fowler improperly used evidence from an overturned child abuse and neglect case to prove the State's case against Plaintiff. (Doc. 1, pp. 4-6). The Complaint contains no request for relief. (Doc. 1, p. 6).

This matter is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations set forth in the Complaint, Attorney Fowler used evidence and information from an overturned child abuse and neglect case against Dixon Turner to secure a conviction for conspiracy against Plaintiff. (Doc. 1, pp. 4-6). That evidence included information taken from a prior Department of Children and Family Services ("DCFS") case against Plaintiff that resulted in no finding of guilt. (Doc. 1, p. 4). Plaintiff claims that Attorney Fowler engaged in misconduct in an effort to secure a conviction against Plaintiff in the criminal conspiracy case. (Doc. 1, pp. 4-6).

Sometime in 2014, the Department of Human Services ("DHS") located in Charleston, Illinois, filed a report against Dixon Turner for child abuse and neglect (Case #2156645A). (Doc. 1, p. 4). Following a hearing in Coles County, Turner was found guilty. *Id*. She filed an appeal in May or June 2014. *Id*.

Attorney Fowler, who serves as the Assistant State's Attorney in Effingham County, Illinois, attended the hearing on appeal in Coles County. (Doc. 1, pp. 4-5). Attorney Fowler

allegedly "helped" Turner with her appeal, by offering information from a prior case involving Plaintiff that never resulted in a finding of guilt or a conviction. (Doc. 1, p. 4). The caseworker involved in Plaintiff's underlying case, Jeanie Parker, was not present and did not testify. *Id*. Plaintiff and his mother, who were present at the hearing, were not allowed to testify. *Id*. Turner prevailed on appeal. *Id*.

Attorney Fowler then introduced evidence of Turner's overturned case in the State's criminal case against Plaintiff for conspiracy. (Doc. 1, p. 5). Although Plaintiff's criminal defense attorney subpoenaed Jeannie Parker to testify at Plaintiff's criminal trial, she was not allowed to do so. *Id*. Attorney Fowler's "'evidence' against [Plaintiff] was the case he helped cover up." *Id*. At the time of doing so, Plaintiff insists that he was "out of his jurisdiction." *Id*. Attorney Fowler allegedly engaged in misconduct by interfering with Turner's case, in order to secure an advantage in the criminal case against Plaintiff. *Id*.

## Discussion

There are several threshold issues that this Court must consider. First, the Court must evaluate the substance of Plaintiff's claims to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). The Complaint complicates this analysis because it includes no request for relief. (Doc. 1, p. 6).

To the extent Plaintiff now challenges his conviction and seeks release, Plaintiff should have filed a petition for a writ of habeas corpus. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is

3

entitled to immediate release or a speedier release from the imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. This is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

If Plaintiff seeks to challenge his conviction for conspiracy, he is free to file a federal habeas petition at any time. However, Plaintiff should be aware that a federal habeas petition cannot be filed until he exhausts his state court remedies, unless he can demonstrate cause and prejudice. *See* 28 U.S.C. § 2254(b)(1). This Order does not preclude Plaintiff from pursuing this avenue to relief.

To the extent Plaintiff seeks monetary relief against Attorney Fowler, this action is properly brought pursuant to § 1983. With that said, the Court can discern no basis for relief at this time. The Complaint articulates no federal constitutional claims under § 1983 against Attorney Fowler.

It is well-settled law that "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This does not mean that a prosecutor enjoys absolute immunity in all situations. *See Fields v. Wharrie*, 672 F.3d 505 (7th Cir. 2012); *Houston v. Partee*, 978 F.2d 362 (7th Cir. 1992); *Whitlock v. Brueggeman*, 682 F.3d 567 (7th Cir. 2012) (suit may proceed if the alleged unconstitutional action took place after the conviction became final). The "degree of immunity" that prosecutors are afforded "depends on their activity in a particular case." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000).

Given the lack of allegations in the Complaint that describe the information used by Attorney Fowler against Plaintiff, including how it was obtained, how it was used, and why Plaintiff believes its use was improper, the Court simply cannot evaluate the § 1983 claim against Attorney Fowler. It is not even clear that Plaintiff seeks monetary relief against this defendant, as opposed to habeas relief. For these reasons, the Court must dismiss the Complaint. However, the dismissal shall be without prejudice, and Plaintiff shall have an opportunity to file an amended complaint, in which he clearly states the basis of his claim against Attorney Fowler and includes a request for relief.

## **Pending Motions**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503

F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff satisfies neither requirement. He disclosed his mother's efforts to locate an attorney on his behalf, but Plaintiff provides no documentation from those attorneys or even a list of attorneys and dates she contacted them. Further, he evinces an ability to litigate this straightforward matter without the assistance of counsel, despite the fact that his education is limited to "some college." (Doc. 3, p. 2). He has prepared all of the necessary paperwork to commence this action. The fact that Plaintiff excluded relevant information from the Complaint is not determinative of his need for assistance, particularly when he possesses the relevant information and simply needs to provide more detail about Attorney Fowler's use of allegedly impermissible evidence in his criminal case. No assistance is required to obtain that information, as Plaintiff already possesses knowledge of his criminal case. The Motion is therefore **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **RALPH FOWLER** is **DISMISSED** without prejudice because the Complaint states no claim for relief against him.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before May 17, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 18-00082-JPG) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by Ralph Fowler that resulted in the deprivation of Plaintiff's federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting the defendant's name where necessary to identify the actor. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 19, 2018**

    s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**