# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE T. WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00082-MJR |
| | ) |
| RALPH FOWLER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Now before this Court is the First Amended Complaint filed by Plaintiff Lonnie Wells on May 14, 2018. (Doc. 11). Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at Taylorville Correctional Center ("Taylorville"). (Doc. 1, p. 1). After being released from custody, Plaintiff filed the First Amended Complaint against Ralph Fowler, a prosecuting attorney for the State of Illinois who is allegedly responsible for his conviction for conspiracy to obstruct justice. (Docs. 7, 11). Plaintiff alleges that Attorney Fowler improperly used evidence from an overturned child abuse and neglect case to prove the State's case against him. *Id*. In his request for relief, Plaintiff seeks the "TRUTH!" (Doc. 11, p. 7) (emphasis in original).

This matter is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint does not survive screening.

## First Amended Complaint

In the First Amended Complaint, Plaintiff alleges that Attorney Fowler (State of Illinois Appellate Prosecutor) is guilty of official misconduct. (Doc. 11, p. 6). The allegations offered in support of this claim are far from clear. *Id*. The Court has done its best to summarize Plaintiff's Statement of Claim. *Id*.

According to the allegations, the State of Illinois Department of Children and Family Services ("DCFS") opened a case against Plaintiff's ex-wife, Dixon Turner. (Doc. 11, p. 6). Jeannie Parker (DCFS caseworker) investigated the allegations of child abuse and neglect against her and concluded that they were substantiated. *Id*. Despite this conclusion, the case against Dixon was dropped. *Id*.

Fowler allegedly used his position to "fabricate evidence towards Dixon's benefit and then turn[ ] it towards [Plaintiff's] demise." (Doc. 11, p. 6). Plaintiff does not explain what he

2

means by this assertion, beyond stating that Fowler "successfully had a case from DCFS that was against [his] ex-wife, Dixon Turner, dropped, and then proceeded to become a witness for the prosecution" in Plaintiff's criminal case. *Id*. Plaintiff accuses Fowler of engaging in official misconduct, which he says is a Class 3 felony. *Id*.

### Discussion

Plaintiff cannot use § 1983 as a vehicle for bringing criminal charges against the defendant. Although he allegedly seeks the "TRUTH," it appears that Plaintiff is actually attempting to initiate a criminal prosecution against Fowler for a Class 3 felony. (Doc. 11, pp. 6-7). An inmate has no right to compel a criminal prosecution. *See, e.g., Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) *cert. denied,* 136 S. Ct. 504 (2015) (citing *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.,* 548 F.3d 595, 597 (7th Cir. 2008)). Further, this Court has no authority to initiate a criminal prosecution. *See* FED. R. CRIM. P. 7(c)(1) ("[t]he indictment or information . . . must be signed by an attorney for the government."). To the extent he seeks to bring criminal charges against the defendant, Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

Plaintiff also cannot use § 1983 to challenge his state court conviction for conspiracy to obstruct justice. The proper way to challenge his conviction is by filing a direct appeal, a post-conviction petition, or a petition for writ of habeas corpus. It is unclear whether Plaintiff did so, and this Order does not preclude him from pursuing this relief in state or federal court. Regardless, Plaintiff cannot seek this relief under § 1983. To the extent he intended to challenge his conviction or seek release from custody in the First Amended Complaint, it fails to state a claim upon which relief may be granted.

Finally, Plaintiff cannot bring a § 1983 claim for money damages against Attorney Fowler for the allegedly unlawful testimony that was used to secure his conviction in state court. The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff from doing so. According to *Heck*, a § 1983 plaintiff pursuing a claim for money damages for "an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, [pursuant to] 28 U.S.C. § 2254." *Heck*, 512 at 486-87. Plaintiff has made no such showing. He is therefore barred from pursuing a claim against Attorney Fowler that is clearly intended to undercut his conviction.

Even if *Heck* posed no impediment, Plaintiff's § 1983 claim against Attorney Fowler would fail on immunity grounds. The law is clear that a state prosecutor is immune from a § 1983 civil suit for damages "[i]n initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Prosecutorial immunity thus bars Plaintiff claims against Attorney Fowler for actions taken in furtherance of his prosecutorial duties. *Fields v. Warrie*, 672 F.3d 505, 510, 514 (7th Cir. 2012). The allegations, though far from clear, suggest that Plaintiff is pursuing a claim against the defendant for the actions he took in furtherance of these duties. The First Amended Complaint fails to state a claim upon which relief may be granted for this reason as well.

In light of the above, this § 1983 action shall be dismissed with prejudice. However, this dismissal does not preclude Plaintiff from pursuing relief under state tort law or seeking state or federal habeas relief. *Polk Co. v. Dodson*, 454 U.S. 312, n. 18 (1981) ("In addition to possible

relief under state tort law, an indigent prisoner retains the right to initiate state and federal habeas corpus proceedings.)  The Court takes no position in this Order as to whether Plaintiff's release from custody renders a habeas petition moot.

Finally, to the extent Plaintiff seeks the Court's assistance in recruiting counsel on his behalf, the request is denied.[1]  A district court faced with this request must ask two questions: "(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *See Armstrong v. Krupiczowicz*, 874 F.3d 1004, 1008 (7th Cir. 2017) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  Plaintiff has not demonstrated sufficient efforts to locate counsel on his own before seeking the Court's assistance.  He has demonstrated an ability to represent himself in this matter, by preparing and filing timely pleadings.  Further, Plaintiff identifies no impediments to *pro se* litigation, such as language, education, medical, or mental health barriers.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint (Doc. 11) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **RALPH FOWLER** is **DISMISSED** with prejudice because no claim for relief has been stated against the defendant.  This dismissal does not preclude Plaintiff from pursuing a tort claim in state court or habeas relief in state or federal court.

---

[1] In the First Amended Complaint, Plaintiff states that he is "attempting to get an attorney to help [him] with this ordeal. . . ."  (Doc. 11, p. 6).

Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 19, 2018**

s/ MICHAEL J. REAGAN
**Chief District Judge**
**United States District Court**